IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MANUEL RODRIGUEZ SANCHEZ,

    Plaintiffs,

    v.

SEGUROS TRIPLE S, INC.;
TRANSPORTISTAS INDEPENDIENTES
DEL SUR; AND
HECTOR MUNIZ MARTINEZ,

    Defendants.

**CIVIL NO. 08-1215 (GAG)**

**OPINION AND ORDER**

This matter is before the court on a motion for summary judgement submitted by Defendants Seguros Triple S, Inc. ("Triple S"), Transportistas Independientes Del Sur ("Transportistas"), and Hector Muniz Martinez ("Martinez"). Plaintiff, Manuel Rodriguez Sanchez ("Sanchez"), commenced this action after he suffered injuries caused by the alleged negligent driving of Noel Cintron Cruz ("Cintron Cruz"). For the reasons stated herein, the court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment (Docket No. 45.)

**I.    Relevant Factual & Procedural Background**

Consistent with the summary judgement standard, the court states the facts in the light most favorable to Plaintiff. See Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006).

On March 9th, 2005, Plaintiff Sanchez was riding his motorcycle in the right lane of road Number 165. (See Docket No. 63-3 at ¶ 2.) After stopping at a red light he began to accelerate. (Id. at ¶ 3.) It was at this point that Sanchez was hit by a vehicle coming into his lane. (Id.) Sanchez was struck by a trailer, attached to a truck, being driven by Cintron Cruz. (Id.) As a result of the collision Sanchez sustained injuries, including one which required that his leg be amputated above the knee. (See Docket No. 63-3 at ¶ 3.)

The truck and trailer involved in the accident were owned by defendant Martinez. (See Docket No. 63-2 at ¶ 1.) Martinez had hired Cintron Cruz to drive the truck and trailer on the day of the accident. (Id.) It is an uncontested fact that Cintron Cruz was an independent contractor, and

**Civil No. 08-1215 (GAG)**                    2

not an employee of Martinez. (See Docket No. 45-3 at ¶ 15.) Martinez admits that he had no knowledge of Cintron Cruz's driving record. (See Docket No. 63-5 at 4, 5.)

It is also uncontested that defendant Transportistas had no employer relationship with Cintron Cruz, nor did it have any financial interest in the truck. (Id. at ¶¶ 5, 8.) Transportistas is a non-profit association of truckers that purchases, in bulk, items such as fuel and health insurance in order to obtain lower prices for its members. (Id. at ¶ 10.) Transportistas has no control over the employees of its members. (Id. at ¶¶ 11, 12.) On February 21, 2008, Sanchez brought this action alleging negligence against Triple S, Transportistas, Cintron Cruz, and Martinez. (See Docket No. 1 at ¶¶ 2, 3.) Triple S, Transportistas, and Martinez moved for summary judgment on October 5, 2009. (See Docket No. 45.) Plaintiff opposed this motion on November 6, 2009. (See Docket No. 63.) That same day, defendant Cintron Cruz was dismissed as a party without prejudice. (See Docket No. 67.)

## II. Standard of Review

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A factual dispute is "genuine" if it may reasonably be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case. Calero-Cerzo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The moving party has the initial burden of showing there is no genuine issue as to any material fact. Celotex, 477 U.S. at 325. This burden may also be discharged by showing there is insufficient evidence to support the nonmoving party's case. Id.

If the moving party meets its burden, then the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and

**Civil No. 08-1215 (GAG)** 3

all reasonable inferences. Id. at 255.  Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence.  Id.

### III. Discussion

Defendants Transportistas and Martinez move for summary judgment on the theory that they are not liable for the alleged negligent acts committed by Cintron Cruz.  Both parties assert they owed no duty to Sanchez in regards to the traffic accident, and that Sanchez has failed to state a cause of action for negligence under section 1802 of the Civil Code of Puerto Rico. P.R. Laws Ann. tit. 31, § 5141 (2009).

### A. Negligence

As this is a diversity case, the court applies Puerto Rico law to all substantive matters and "[is] bound by the teachings of the state's highest court." N. Am. Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 38 (1st Cir. 2001).  If the Puerto Rico Supreme Court has not definitively addressed a question, the court may consult other sources so as to "make an informed prophecy" about what rule the commonwealth courts would likely follow.  Id. Therefore, Puerto Rico's tort law governs our analysis of Sanchez's claim.

Under Puerto Rico law a "person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141 (2009). To succeeded in a negligence claim the plaintiff must establish the following:  (1) a duty requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) proof of damage; and (4) a causal connection between the damage and the tortious conduct. De-Jesus-Adorno v. Browning Ferris Indus., 160 F.3d 839, 842 (1st Cir. 1998).

In this case, where the plaintiff's claim of negligence is based on the defendant's failure to check Cintron Cruz's driving record, we are concerned with an act of omission.  An omission will give rise to a cause of negligence when there is a legal duty to act. Muniz v. National Can Corp., 737 F.2d 145, 148 (1st Cir. 1984).  Puerto Rico law dictates a duty to act arises: (1) by a statute, regulation, ordinance, bylaw or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care

**Civil No. 08-1215 (GAG)**                              4

particular to the situation. De-Jesus-Adorno, 160 F.3d at 842.

Still, for there to be liability, the harm must have been foreseeable by the defendant. P.R. Laws Ann. tit. 31, § 3022. To foresee is to "provide against, to anticipate, or to avoid an injury or danger." Lopez v. Cruz,131 P.R. Dec. 694, 708 Offic. Slip Trans. at 11 (1992) (citing Salva Matos v. Diana Const. Corp., 95 P.R.Dec. 900, 906, 95 P.R.R 880, 884 (1968)). The Puerto Rican Supreme Court has also stated, that the "precautions need not be of an extraordinary nature." Barrientos v. Gov. of the Capital, 97 P.R. Dec. 552, 564, 97 P.R.R. 539, 550 (1969).

Sanchez, however, mentions no statute, regulation ordinance, law or contract that would impose an affirmative duty on the defendants to check Cintron Cruz's driving record. There is likewise nothing in the record indicating there is a special relationship between the parties that would create a duty. Instead, Sanchez contends Martinez had a traditionally recognized duty of care to check Cintron Cruz's driving record, and that the harm, resulting from a failure to do so, was foreseeable. In support of this theory, Sanchez points to facts on record that show Martinez was not aware of Cintron Cruz's driving record before hiring him to drive a heavy truck with a trailer. To assert this claim, Sanchez points to statements made by Martinez in his deposition. (See Docket No. 63-5 at 4, 5.) Further, Sanchez claims that the injury he sustained was a foreseeable consequence of hiring a reckless driver, and that but-for the hiring of Cintron Cruz, Sanchez would not have been injured.[1] In his opposition, Sanchez has demonstrated all necessary elements to establish a prima facie case of negligence.

In their motion for summary judgment, however, Defendants Transportistas and Martinez, argue that they cannot be held liable regardless of the negligence of Cintron Cruz, because he was an independent contractor. The independent contractor theory can limit the liability of employers depending on the injury. Courts in Puerto Rico have held that "[t]he persons who directly or indirectly hire an independent contractor shall be held jointly liable for the negligent harm caused by the latter in the performance of the work if said harm is a risk foreseeable by the employer." Martinez v. Chase Manhattan Bank, 108 P.R. Dec. 515, 522, 108 Offic. Trans. 542, 547 (1979). In

---

[1] The court does not address the element of injury, because it is uncontested by the parties.

**Civil No. 08-1215 (GAG)**              5

Lopez v. Cruz, the court revisited its decision in Chase Manhattan, and decided that this test does not create vicarious liability for employers from all injuries caused by independent contractors. Lopez, 131 P.R. Dec. at 705, Offic. Slip Trans., at 9.  Employers are liable for the actions of independent contracts when the employer fails to "take the necessary precautions, *given the particular risks of a project*." Lopez,131 P.R. Dec. at 706, Offic. Slip Trans. at 9 (emphasis added). "The precautions need not be of an extraordinary nature either." Chase Manhattan Bank, 108 P.R. Dec. at 519, 108 P.R. Offic. Trans. at 544 (P.R.1979).

Defendants cite Lopez to assert they cannot be held liable to the plaintiff. In Lopez, the Municipality of Cataño hired an independent contractor, Bayamon Asphalt Paving, to clear out the rubble from an empty lot.  Bayamon Asphalt Paving then subcontracted the clearing work to Jesus Cruz Ruiz.  Cruz Ruiz struck a minor, who was riding a bicycle near the lot being cleared.  The truck involved in the accident was owned by Cruz Ruiz.  The Lopez court dismissed the claim against the Municipality of Cataño, but not the claims against Bayamon Asphalt Paving, holding that the municipality could not be held liable because a traffic accident is not a foreseeable consequence of clearing an empty lot.  Id. at 708, Offic. Slip Trans. at 11.  The court further held that an employer can only be held liable for injuries that are peculiar to the risk of the job being performed by the independent contractor. See Id. at 706., Offic. Slip Trans. at 9. The injury in Lopez was not particular to the work performed, it was due to the negligent actions of the employee, who failed to take routine driving precautions.  "The contractor's employer is not held liable for the latter's ordinary negligence resulting in damage to a third person, nor for failing to follow the routine precautions." Id. at 708, Offic. Slip Trans. at 12 (citing Martinez v. Chase Manhattan Bank, 108 P.R. Dec. 515, 522 (1979))

In the present case, making deliveries in a truck, with a trailer attached does create a particular danger that could have been foreseen by defendant Martinez. The danger of a traffic accident could easily be foreseeable in association with the transportation of industrial material. A traffic accident is an inherent risk in transportation work, and this risk is increased when a trailer is being hauled. See Gonzalez v. Seatrain Lines of P.R., 106 P.R. Dec. 494, 502, 6 P.R. Offic. Trans. 693, 704 (1977) (recognizing that having a trailer attached to a vehicle increases danger).  Hiring people with poor driving records only increases the likelihood of an accident.  Therefore, the issue

**Civil No. 08-1215 (GAG)**                                6

is whether Martinez took the necessary precautions in order to avoid the foreseeable risk accompanying the job, for which he was hiring the contractor.

In support of his argument that the hiring was negligent, Sanchez offers the following evidence. Martinez hired and allowed Cintron Cruz to drive his truck and trailer as part of his business. (See Docket No. 63-5 at 2.) Between 2001 and the time of the accident, Cintron Cruz had accumulated seven traffic fines and one violation of driving under the influence. (See Docket No. 63-6.) At the time Cintron Cruz was hired, Martinez was unaware of Cintron Cruz's four speeding tickets, and of his conviction of driving under the influence. (See Docket No. 63-5 at 4.) Martinez also denies having knowledge of Cintron Cruz's ticket for not using the designated lane. (Id. at 5.) Moreover, Martinez points to no precautions, routine or otherwise, that he took in relation to his transportation business. Due to the lack of precaution and nature of the accident, a reasonable jury could find the independent contractor defense should not apply.

The court notes that in determining negligence, courts in Puerto Rico have also looked at control. See De Jesus Adorno v. Browning Ferris Indus., 992 F. Supp. 121, 125 (D.P.R. 1998) (defendants could not be held liable for accident caused by hole, because they had no ability to go onto property to fix the hole). A person cannot be held liable for actions over which they had no control. Defendant Martinez however, had complete control over who he hired and who he allowed to drive his trucks.

When viewing the facts of this case in the light most favorable to the non moving party (Sanchez), the court finds that a reasonable jury could find Martinez negligent in hiring Cintron Cruz to transport industrial materials, without any kind of driving record check. Because Martinez has not met his burden of showing there is no genuine issue of material fact, the court must **DENY** his motion for summary judgment.

**B.    Liability Under Section 5621 Of Puerto Rico's Law of Vehicles and Traffic**

Plaintiff also claims liability against Martinez, as the owner of the vehicle involved in the accident. Under Puerto Rico's Vehicle and Traffic Law, under certain circumstances, the owner of a vehicle is vicariously liable for damages caused by a negligent driver. Article 22.01 of the Law of

**Civil No. 08-1215 (GAG)** 7

Vehicles and Traffic states that:

> The owner of a motor vehicle shall be liable for damages when fault or negligence are involved while operating a motor vehicle when said vehicle is being operated by or is under the actual physical and real control of any person who, with the main purpose of operating the same or having or allowing the same to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner.

P.R. Laws Ann. tit. 9, § 5621.

It is uncontested that Martinez owned the truck involved in the accident, and that he voluntarily gave Cintron Cruz permission to drive said truck. As such, under the statute Martinez will be vicariously liable for damages, if the fact finder determines Cintron Cruz caused injuries to Sanchez through the negligent operation of the vehicle. Therefore, the court must also **DENY** defendant's motion for summary judgement on this claim.

**C.     Transportistas**

It is uncontested that Transportistas is a cooperative, and did not hire or contract any truck drivers. It is also uncontested that Transportistas did not own any trucks. Further, Plaintiff has failed to allege any material dispute as to its claim against Transportistas, and has consented to the entry of summary judgment in this case in favor of Transportistas. Thus, the court **GRANTS** summary judgment as to Plaintiff's claim against Transportistas and **DISMISSES** the same.

**IV.    Conclusion**

For the reasons discussed above, the court **DENIES IN PART** and **GRANTS IN PART** defendant's motion for summary judgment. (Docket No. 45). Accordingly, the court **DISMISSES** Plaintiff's claim against Transportistas.

**SO ORDERED**.

In San Juan, Puerto Rico this 22nd day of February, 2010.

*S/Gustavo A. Gelpí*

**GUSTAVO A. GELPÍ**
**United States District Judge**